UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLROUNDS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ESHARES, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-07083-VC<br><br>**ORDER DENYING CARTA DEFENDANTS' MOTION TO DISMISS; DENYING DRAPER DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DFJ DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 83, 85, 86 |

  The motion to dismiss AllRounds' patent claims for ineligibility under 35 U.S.C. § 101 is denied. The Court is skeptical that either patent is valid—both seem directed to the abstract idea of facilitating private investment by providing a more efficient and accurate way to analyze the financial data of private companies. *See, e.g.*, *Trading Technologies International, Inc. v. IBG LLC*, 921 F.3d 1378, 1384 (Fed. Cir. 2019). But the complaint and its attachments raise potential issues of claim construction, as well as factual issues about the state of the industry when the patent applications were filed and when the allegedly infringing products entered the scene. Many of the allegations on these issues seem dubious, and it's a close question whether to invalidate the patents at this stage. Carta's motion to dismiss may not be granted, however, just because proof of Allrounds' alleged facts seems "improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The question of eligibility under section 101 is thus better left until later in the case. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018); *see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368-69 (Fed. Cir. 2018).

  The motions to dismiss the trade secret claims are also denied. First, the complaint and its

attachments clearly identify the alleged secrets with the requisite particularity—beyond "using 'catchall' phrases or merely identifying categories of information," AllRounds identifies specific functionalities of its software that it allegedly disclosed to the defendants. *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020).

Second, the complaint plausibly alleges misappropriation by the various defendants (with the exception of Threshold, as described below) through the timing of the meetings and customer agreements; the defendants' financial ties to each other and their investments in Carta; Carta's product transformation; and the alleged similarities between Carta's products and AllRounds' product. The complaint's allegation that Carta knew or should have known that the information was stolen because it was suspicious "that an investor would have such detailed implementation information for a capital management software platform" is also enough to support an indirect misappropriation claim against Carta at this stage.

Third, the defendants' statute of limitations argument fails because it is not clear from the complaint that AllRounds can prove no set of facts that would make its trade secret claims timely. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

Fourth, the defendants argue that the alleged secrets were disclosed in AllRounds' patent applications and/or copyright deposit, such that they are no longer secrets. *See Attia v. Google LLC*, 983 F.3d 420, 425-26 (9th Cir. 2020). As an initial matter, it is unclear that the copyright deposit extinguishes AllRounds' trade secret claims because some of the alleged misappropriation occurred before the deposit issued. *Cf. Stutz Motor Car of America, Inc. v. Reebok International Ltd.*, 1997 WL 258883, at *2 (Fed. Cir. May 16, 1997) (noting potential liability for misappropriation claims based on misappropriation that occurred "before the date the patent was issued"). But in any event, the defendants' argument must be rejected at this stage. The question whether alleged trade secrets are disclosed in a patent application or copyright deposit may be beyond the scope of a motion to dismiss when there are factual disputes about the extent of the disclosure or what is encompassed by the claimed secrets. *See MACOM Technology Solutions Inc. v Litrinium, Inc.*, 2019 WL 4282906, at *6-7 (C.D. Cal. June 3, 2019). Here,

AllRounds has adequately identified in its under-seal filing at least certain aspects of its alleged trade secrets that were not disclosed in either the patent application or the copyright deposit. For example, AllRounds claims trade secrets relating to the fund management and fund administration aspects of its software. The patent discloses that AllRounds' software provides "fund management" and "partnership accounting tools," but does not disclose the specific aspects of the fund management capability or the specific tools relating to partnership accounting. The copyright deposit similarly contains screenshots of the software interface that suggest the software is capable of performing certain fund administration functions, without providing information about what those functions actually are. As another example, AllRounds claims trade secrets relating to user profiles and permissions. The patents disclose that the software allows companies and investors to "register" and become "accredited" with certain "verifications/certifications," but do not disclose anything about user permissions or access rights. More generally, AllRounds has plausibly alleged that it shared as a secret *how* its software works (and how the software solves inefficiency problems in the venture capital world), which may be distinct from the information disclosed in the patent about *what* the software does. These allegations are sufficient for AllRounds' trade secret claims to survive a motion to dismiss. *See InteliClear*, 978 F.3d at 659 (noting that "where no discovery whatsoever ha[s] occurred," a plaintiff's "burden is only to identify at least one trade secret").

      Finally, the complaint plausibly alleges that each of the DFJ Defendants are individually culpable in the alleged misappropriation, with the exception of Threshold Management LLC. The only allegations in the complaint relating to Threshold are that it was formerly known as DFJ Venture and that its name change "merely reflects a rebranding of the various DFJ entities." These allegations do not support any inference of wrongdoing by Threshold itself, nor are there any additional allegations of wrongdoing by DFJ Venture that would support a theory of successor liability. Threshold Management is thus dismissed as a party to this case, without

prejudice to seeking leave to add it in the event discovery reveals evidence that implicates it.[1]

**IT IS SO ORDERED.**

Dated: July 14, 2021

VINCE CHHABRIA
United States District Judge

---

[1] The request for judicial notice is granted. The motions to seal will be handled in a separate order.