UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLROUNDS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ESHARES, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-07083-VC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 163, 173, 177 |

      AllRounds seeks permission to amend its complaint to add a new defendant, Draper Associates VI, and willful infringement allegations against Carta. Because leave to amend should be freely granted when justice requires and none of the defendants have identified prejudice that would result if the Court permits the amendments, AllRounds' motion is granted.[1] *See* Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (prejudice "carries the greatest weight" (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987))).

      The venture capital defendants do not contend that adding Draper Associates VI as a defendant would prejudice them. Instead, they maintain that the amendment is untimely and futile. After the initial complaint was filed, the venture capital defendants told AllRounds that a

---

[1] The motion to seal is denied. The defendants did not attempt to establish that the material designated confidential by the protective order is sealable. Unredacted copies must be filed on the docket within 7 days of this order.
    The venture capital defendants' objection to Exhibit M of the Barath Declaration is denied as moot. The Court is not relitigating its prior determination that AllRounds has stated a claim against the current venture capital defendants. *See* Dkt. No. 117. So Exhibit M is irrelevant to the issues presented here.

Draper Associate entity not named as a defendant had invested in Carta in 2020. But the defendants did not share the name of that entity until September 1, 2021, when they returned their interrogatory responses. Within three weeks of that disclosure, AllRounds filed this motion to amend. That filing was not untimely in light of the information AllRounds had—or more accurately did not have—until this point. The amendment is also not futile. Even if Draper Associates VI was not formed until 2018 and did not make its investment in Carta until 2020, the complaint alleges that the misappropriation continued over time, resulting in changes to Carta's product even as recently as May 2019. The fact that the alleged architect of the misappropriation scheme is Draper Associates VI's managing director further supports the plausibility of AllRounds' allegations.

      AllRounds' request to add willfulness allegations against Carta is also timely and brought in good faith, as AllRounds could not have known that Carta had not redesigned its product around the patents until the interrogatory responses were returned. The addition is also not futile. A litigant can state a claim for post-filing willfulness. *Cf. Monolithic Power Systems, Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1075–76 (N.D. Cal. 2015). To do so, they need only plead knowledge of the patent and "deliberate or intentional infringement." *Core Optical Technologies, LLC v. Juniper Networks Inc.*, --- F. Supp. 3d. ---, 2021 WL 4618011, at *3 (N.D. Cal. Oct. 7, 2021) (quoting *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). AllRounds has done so. Factors like the closeness of the issue and the parties' good-faith litigation strategies are relevant to determine whether willfulness damages will be awarded at the end of the case, not whether AllRounds can plausibly make willfulness allegations at the pleading stage. And again, Carta has not claimed that this amendment would cause it prejudice. The willfulness allegations share the same factual bases as the existing claims and therefore will not require a significant expansion of discovery.

      A new complaint must be filed on the docket within 7 days of this order. The defendants must respond within 21 days of the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: November 9, 2021

_____

VINCE CHHABRIA
United States District Judge